## JOHN E. ANDERSON v. J. J. MILLER.

**Husband and Wife—Wills.**

> Where, in a will in which the wife is given the right to sell and dispose of property and reinvest the proceeds as she may see proper, the language has no doubtful meaning, she may sell such property, and the purchaser thereof cannot be defeated in his title by children of such widow, under a claim that her right is only to sell a life estate in such property.

### APPEAL FROM FAYETTE CIRCUIT COURT.

January 23, 1877.

OPINION BY JUDGE PRYOR:

To restrict the wife in her right to alienate the land devised, by limiting it to a life estate or what interest she may be adjudged to have in it, would be to defeat the manifest intention of the testator.

The evident purpose of the devisor was to invest the wife with the power to sell and invest, and also to devise, if she saw proper, the whole estate, and to place this right of alienation exclusively with her by declaring it separate estate, and permitting her to control the property independently of her husband. It is unnecessary to determine the extent of the wife's interest by reason of this unlimited power over the property devised. It is sufficient to say that the right to alienate and devise the estate is given to Mrs. Miller in express words. No implication or inference is required to be indulged in for the purpose of ascertaining the testator's intent; it is declared upon the face of the will that she shall have "the right to sell and dispose of the same, and reinvest the proceeds in whole or in part just as she may see proper, and that she shall have power to dispose of said property in part or in whole by last will and testament."

This language has no doubtful meaning, and will admit of no other construction than that given it by the court below. The purchaser has acquired a good title as against any claim to this estate by Mrs. Miller's children under the will before us.

The judgment below is *affirmed*.

*W. D. Boswell*, for appellant.

*G. W. Craddock, Frank Waters*, for appellee.